DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**LYNETTE E. KEEHNER,**
**Individually and as Executrix**
**of the Estate of Steven Dennis**
**Shirley, Deceased,**

                        **Plaintiff,**

v.                                                         CIVIL ACTION

                                                            No. 05-2136-JAR-DJW

**CLAY COUNTY, KANSAS, et al.,**

                        **Defendants.**

## **MEMORANDUM AND ORDER**

Pending before the Court is Defendants' Motion to Stay (doc. 10). For the reasons set forth below, the Court will grant the Motion and will stay all discovery and all Rule 26 and other pretrial proceedings until the Court has ruled on the pending Motion for Summary Judgment filed by Defendants (doc. 8).

The Court finds that a stay is appropriate here under the factors set forth in *Wolf v. United States.*[1] *Wolf* held that it is appropriate for a court to stay discovery until a pending motion is decided "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through

---

[1] 157 F.R.D. 494, 495 (D. Kan. 1994).

uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[2]

The Court also finds a stay to be appropriate given that Defendant Charles Dunn has raised issues as to his qualified immunity in the Motion for Summary Judgment. It is well settled that a defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[3] "One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[4] The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[5]

For the reasons cited above, Defendants' Motion to Stay (doc. 10) is granted. All pretrial and Rule 26 proceedings, including the planning conference, scheduling conference, Rule 26(a)(1) disclosures and discovery, are hereby stayed until the Court has ruled on the pending Motion for Summary Judgment (doc.10).

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 4th day of August, 2005.

s/ David J. Waxse

---

[2] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

[3] *Siegert v. Gilley*, 500 U.S. 226, 232-33, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991).

[4] *Id.*, 500 U.S. at 232.

[5] *Id.* at 233; *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed. 2d 396 (1982)).

                                                David J. Waxse
                                                U.S. Magistrate Judge

cc:      All counsel and pro se parties